IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TYRELL J. HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>LIEUTENANT OF CORRECTIONS TONYA MELTON, HEAD OF CORRECTIONS STEVE HENRY,<br><br>Defendants. | Cause No. CV 24-67-GF-DWM<br><br>ORDER |

Plaintiff Tyrell J. Henderson ("Henderson") is a tribal prisoner proceeding in forma pauperis seeking to recover monetary damages for purported due process violations he experienced while incarcerated at the Chippewa Cree Tribal Justice Center/Rocky Boy Tribal Jail. Because Henderson did not use the Court's standard form, he was directed to file an amended complaint. (Doc. 6.) Henderson timely complied. (Doc. 7.) As explained below, there are issues with Henderson's amended complaint which require dismissal, most notably a lack of subject matter jurisdiction.

**Screening of Complaint**

Henderson is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Henderson advances claims under 42 U.S.C. § 1983, the federal civil rights statute, and also asserts Defendants have violated his right to due process under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (Doc. 7 at 3-4.)  *Bivens*, the federal analog to a §1983 action, implies a cause of action for monetary damages against federal officials.  Under *Bivens*, a plaintiff must show that the defendant was acting under color of federal law.  *See Cox v. Hellerstein*, 685 F. 2d 1098, 1099 (9th Cir. 1982).

**Factual Allegations**

Henderson alleges that on July 22, 2024, he was escorted to solitary confinement, but was not given a write-up or informed of the basis for his housing change.  (*Id.* at 4.)  Despite being in disciplinary segregation, no timely

investigation occurred, thereby violating his right to due process as outlined in the Chippewa Cree Tribal Justice Center Handbook.  (*Id.*)  Henderson remained in segregation and did not receive a write-up until August 5, 2024.  (*Id.* at 5.)  He asserts that under tribal policy, he should have been advised of the nature of his violation within 24 hours.  (*Id.*)

Henderson seeks punitive damages for the mental anguish he experienced for the two-weeks he was placed in solitary confinement.  (*Id.*)  This time period also coincided with his brother's funeral.  He asks that Defendant Melton resign, based upon her willful violation of inmates' rights and her authoritarian behavior.  (*Id.*)  Henderson explains that he has filed several grievances to no avail.  (*Id.* at 7.)

### Standards Governing Claims

Henderson's amended complaint does not state a plausible claim under § 1983 or *Bivens*, because the filing does not give rise to a reasonable inference that either Defendant was acting under color of state or federal law.  Similarly, Henderson fails to state a viable claim under the Indian Civil Rights Act.

To state a plausible § 1983 claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F. 2d 1418, 1420 (9th Cir. 1991).  Section 1983 applies to state and local government actors.  It does not provide a remedy for the actions taken by other types of actors,

such as purely private actors, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).  Under Section 1983, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)(quotations omitted).  But "[a]s separate sovereigns pre-existing the Constitution," Tribes are not required to comply with "those constitutional provisions framed specifically as limitations on federal or state authority," such as the Bill of Rights.  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978).

Thus, Henderson's complaint does not state a plausible claim under § 1983 because the allegations do not give rise to a reasonable inference that either named Defendant was acting under the color of state law.  *See Brentwood Acad.*, 531 U.S. at 295.  Section 1983 claims alleging the deprivation of rights under color of Tribal law "cannot be maintained in federal court."  *Evans v. McKay*, 869 F. 2d 1341, 1347 (9th Cir. 1989).

Similarly, tribal officials do not act under color of federal law for purposes of a *Bivens* action unless there is "some interdependence between the federal government" and the tribal official, that is a "symbiotic relationship" between federal and tribal officers.  *Bressi v. Ford*, 575 F. 3d 891, 898 (9th Cir. 2009).

There is no allegation in Henderson's amended complaint that Defendants acted in concert with federal officials. Nor is there any plausible allegation of a symbiotic relationship with federal officers in the actions described by Henderson. Henderson names two Tribal defendants who may have acted together relative the policies outlined by the tribal jail handbook, however, there is no indication they acted pursuant to federal law. Thus, his claim under *Bivens* also fails.

Finally, the Indian Civil Rights Act does not confer jurisdiction in the present case. 25 U.S.C. § 1301, et seq., is known as the Indian Civil Rights Act ("ICRA"). In enacting the ICRA, Congress established a set of statutory protections for Indians against their tribal governments, which roughly parallel the constitutional rights identified in the Bill of Rights of the United States Constitution. *See Wasson v. Pyramid Lak Paiute Tribe*, 782 F. Supp. 2d. 1144, 1147 (D. Nev. 2011). The ICRA does contain a statutory protection that is similar to the Fourteenth Amendment of the United States Constitution and provides that an Indian tribe, in exercising its powers of self-government, shall not "deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property with due process of law." Section 1302(a)(9).

In *Santa Clara Pueblo*, however, the Supreme Court held Congress did not provide for a private cause of action for violations of ICRA against the tribe or its officers, except for one type of claim- habeas corpus challenges to one's detention.

"Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo*, 436 U.S. at 58.  What this means is that "suits against [Indian tribes] under the [ICRA] are barred by…sovereign immunity from suit." *Id*. at 59.  "Congress, aware of the intrusive effect of federal judicial review upon tribal self-government, intended to create only a limited mechanism for [review under the ICRA], namely, that provided for expressly in § 1303 [the provision of the ICRA providing for habeas relief]." *Id*. at 70.  Section 1303 of the ICRA provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.

In the instant matter, Henderson does not bring a claim for habeas relief under Section 1303 of the ICRA.  Henderson seeks damages and injunctive relief, not release from custody.  Accordingly, his suit is not authorized, and this Court is without jurisdiction to entertain a claim alleging violations of ICRA.  Similarly, this Court, as a court of limited jurisdiction, has no authority to enforce the Chippewa Cree Tribal Code.  Henderson's  amended complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly, the Court enters the following:

## ORDER

1.  This matter is dismissed for lack of jurisdiction.

2.  The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 2nd day of December, 2024.

_____
Donald W. Molloy, District Judge
United States District Court